UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUL 21 2008
CLERK

| | | |
|---|---|---|
| RANDY RINDAHL, | ) | CIV. 08-4041-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS WEBER, Warden, | ) | |
| South Dakota State Penitentiary, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, an inmate at the South Dakota State Penitentiary, brings this action pursuant to 42 U.S.C. § 1983, alleging that he was raped by prison guards. Docket #1. In an Order issued on May 22, 2008, the Court denied plaintiff *in forma pauperis* status on the basis of the three-strikes rule contained in 28 U.S.C. § 1915(g). Docket #12. The Court informed plaintiff that it would take no action on his complaint until the filing fee was paid in its entirety. Id. Plaintiff filed a motion for reconsideration, which the Court denied. Docket #16.

Plaintiff now comes with a petition for separation. Docket #20. In the petition, plaintiff indicates that he is under imminent danger of serious bodily injury, thereby invoking the exception to the three-strikes rule. See 28 U.S.C. § 1915(g). At this stage in the proceedings, plaintiff's representations must be accepted as true. Thus, the Court must first vacate its earlier ruling denying plaintiff *in forma pauperis* status, and then

proceed to screen the complaint and evaluate plaintiff's *in forma pauperis* status as it ordinarily would.

A.   **Screening**

The Court must review plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether the complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(iii). If the Court finds that the complaint falls under any of § 1915(e)(2)(B)'s provisions, the Court "shall dismiss the case at any time . . . ." Id. In addition to a review under § 1915(e)(2)(B), the Court shall screen the complaint in a civil action as soon as practicable pursuant to 28 U.S.C. § 1915A.

Section 1915A(a) provides that the Court "shall review, before docketing, if feasible or, in any event, as soon as practicable afer docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Id. (1996). For reasons identical to those provided in § 1915(e)(2)(B), the Court shall dismiss the complaint under § 1915A if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) & (2).

Plaintiff's complaint alleges a deprivation of his Eighth Amendment right to be free from cruel and unusual punishment. The only named defendant in this action is Warden Douglas Weber (Weber). As the Eighth Circuit recently noted in <u>Clemmons v. Armontrout</u>, 477 F.3d 962, 967 (8th Cir. 2007), "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." Plaintiff does not allege that Weber was personally involved in or directly responsible for the actions described in his complaint, and "a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." <u>Id.</u> Thus, plaintiff's complaint fails to state a claim upon which relief might be granted, and therefore does not survive the Court's screening process.

**B.** *In Forma Pauperis* **Determination**

28 U.S.C. § 1915(a)(1) and (2) provide in pertinent part as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. . . .
>
> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit . . . shall submit a certified copy of the trust fund account statement . . . for the prisoner for

3

the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff has provided a certified prisoner trust account report verifying his account balance for the preceding six months. At the time the prisoner trust account report was filed, plaintiff's current balance was $53.43, with an average monthly balance of $119.67. His average monthly deposits amount to $33.08. As such, plaintiff has satisfied his burden under § 1915(a)(1) and (2) to proceed *in forma pauperis*.

C. **Conclusion**

Based upon the foregoing discussion, it is hereby

ORDERED that plaintiff Randy Rindahl's complaint (Docket #1) is dismissed without prejudice.

IT IS FURTHER ORDERED that the Court's earlier Order denying plaintiff *in forma pauperis* status (Docket #12) is vacated.

IT IS FURTHER ORDERED that plaintiff Randy Rindahl's motion to proceed *in forma pauperis* (Docket #3) is granted. Plaintiff is nonetheless obligated to pay the entire filing fee.

IT IS FURTHER ORDERED that plaintiff Randy Rindahl shall pay, as a partial payment of his court fees, an initial partial filing fee of $23.93, which is 20 percent of the greater of the average monthly deposits to the prisoner's account or the average

monthly balance in the prisoner's account for the six-month period immediately preceding the filing of his complaint.

IT IS FURTHER ORDERED that plaintiff Randy Rindahl shall be required to pay the applicable $350.00 filing fee in its entirety. The institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the United States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

Dated this 21st day of July, 2008.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

5