UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
DEC 31 2008
CLERK

| | | |
|---|---|---|
| RANDY RINDAHL, | ) | CIV. 08-4041-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS WEBER, Warden, | ) | |
| South Dakota State Penitentiary, | ) | |
| S.C.O. MCCLOUD, and S.C.O. | ) | |
| ABIS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, an inmate at the South Dakota State Penitentiary, brings this action pursuant to 42 U.S.C. § 1983, alleging that he was raped by prison guards. Docket #1. In an Order issued on November 20, 2008, the Court dismissed plaintiff's complaint without prejudice for failure to state a claim upon which relief might be granted. Docket #58. Specifically, the Court noted that the relief sought by plaintiff (i.e., that criminal charges be filed against the prison guards accused of raping plaintiff) could not be granted by this Court due to the fact that decisions regarding criminal prosecutions are reserved to law enforcement, not the courts. Id.

Plaintiff now comes with a motion to amend his complaint. Docket #61. The motion to amend seeks the removal of defendant Douglas Weber from the complaint. The motion to amend also invokes the Prison Rape Elimination Act of 2003, 42 U.S.C. §

15601, as a basis for relief. Plaintiff contends that § 15601 empowers this Court to file criminal charges against the named defendants. Plaintiff is wrong. The Prison Rape Elimination Act does not create a private right of action. <u>Bell v. County of Los Angeles</u>, 2008 WL 4375768 (C.D. Cal. 2008). Rather, the Prison Rape Elimination Act was enacted to study the problem of prison rape. <u>Pirtle v. Hickman</u>, 2005 WL 3359731 (D. Idaho 2005). There is no federal statute that vests the courts with the prosecutorial powers that plaintiff urges this Court to exercise. The Court has no authority to file criminal charges, or to order any party to do the same. Accordingly, it is hereby

ORDERED that plaintiff's motion to amend (Docket #61) is granted to the extent that it seeks the removal of defendant Douglas Weber from the complaint.

IT IS FURTHER ORDERED that plaintiff's motion to amend (Docket #61) is denied with respect to the fact that it seeks relief pursuant to 42 U.S.C. § 15601.

Dated this 31^{AT} day of December, 2008.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE