UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY RINDAHL, | ) | CIV. 08-4041-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| S.C.O. MCCLOUD, and SGT. LARSEN, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, an inmate at the South Dakota State Penitentiary, filed this action pursuant to 42 U.S.C. § 1983, alleging that he was raped by prison guards. Docket #1. After performing the screening procedure mandated by 28 U.S.C. § 1915 *et seq.*, and 28 U.S.C. § 1915A *et seq.*, the Court dismissed plaintiff's complaint on the basis that it failed to state a claim upon which relief might be granted. Docket #58. Specifically, the Court noted that the relief sought by plaintiff (i.e., that criminal charges be filed against the prison guards accused of raping plaintiff) could not be granted by this Court due to the fact that decisions regarding criminal prosecutions are reserved to law enforcement, not the courts. Id.

On numerous occasions, in the form of motions for reconsideration and motions to amend his complaint, plaintiff asked the Court to reconsider its earlier ruling dismissing the complaint. Plaintiff's requests were denied, however, as he persisted in

seeking criminal prosecution of the prison guards he alleged to have raped him – relief that is unavailable in this Court. Docket #61, #67, #126, #138.

In an Order issued on June 12, 2009, the Court dismissed plaintiff's complaint without prejudice for, yet again, seeking relief that is unavailable in this Court. Docket #138. In that Order, the Court instructed plaintiff as follows:

> If plaintiff's claim is to survive the Court's screening process, he must remedy these defects. First he must seek relief that the Court is capable of providing. Under no circumstances or set of facts is the Court able to conduct criminal prosecutions. Plaintiff must abandon this form of relief. Second, plaintiff must comply with the dictates of Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004), by setting forth sufficient facts to support his claims. To that end, in any future submissions, the Court will require plaintiff to delineate individual defendants by paragraphs and identify the specific acts or omissions of each defendant. Doe v. Cassel, 403 F.3d 986, 991 (8th Cir. 2005). Any failure to comply with this requirement will result in dismissal of plaintiff's submission.

Id. The Court also ordered plaintiff to file a response in conformance with this Order within twenty days. Id.

Plaintiff timely responded to the Court's Order. Docket #141. The Court will characterize this response as an amended complaint. However, plaintiff's response fails to comply with the Court's instructions. Namely, plaintiff's response does not adequately set forth sufficient facts to support his claims, nor does plaintiff delineate individual defendants by paragraphs and identify the specific acts or omissions of each defendant.

2

Morever, subsequent submissions reveal that plaintiff continues to seek relief that is unavailable in this Court. For instance, in an affidavit submitted in support of plaintiff's response, plaintiff states that he has "supplied the Court . . . [with] ample evidence of the crime within his proceeding to support the Court's remand to produce criminal prosecution." Docket #149. Plaintiff further states that certain statutes "allows the Court to produce criminal prosecution related to the violations" alleged in his complaint. Id. The Court has repeatedly and in no uncertain terms informed plaintiff that it cannot order or conduct criminal prosecutions of any kind. Plaintiff stubbornly and incorrigibly refuses to accept this fact. Nevertheless, the Court sees no reason to alter any of its earlier rulings dismissing plaintiff's complaint. Accordingly, it is hereby

ORDERED that plaintiff's amended complaint (Docket #141) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to remove Tammy Wilka from the case (Docket #145) is denied.

Dated this 11 day of August, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE