UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
OCT 2 2 2009
CLERK

| RANDY RINDAHL, | ) | CIV. 08-4041-RHB |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| S.C.O. MCCLOUD, and SGT. LAUSON, | ) | |
| Defendants. | ) | |

Plaintiff commenced this action on March 25, 2008, alleging that defendants violated his constitutional rights while acting under the color of state law. On July 21, 2008, the complaint was dismissed without prejudice for failure to state a claim upon which relief could be granted. On September 22, 2008, plaintiff filed a motion to amend the complaint. This motion was granted by the Court on November 20, 2008. After reviewing the amended complaint, however, the Court found that plaintiff was seeking relief which could not be granted by this Court. As a result, the amended complaint was dismissed without prejudice. Plaintiff filed another motion to amend the complaint on January 20, 2009. This motion to amend the complaint was denied as the proposed amended complaint still sought relief that could not be granted by this Court.

Currently pending before the Court is a motion by plaintiff entitled "Request for Order for Injunctive Relief." In conjunction with this motion, plaintiff has also filed a motion entitled "Request Order to Enter Evidence into Court Record." The motion to

supplement the record contains plaintiff's affidavit setting forth the facts upon which the motion for injunctive relief is premised. In seeking injunctive relief, plaintiff alleges that defendants have retaliated against him by threatening him and his son. Plaintiff specifically alleges that defendant, S.C.O. McCloud, threatened to murder plaintiff's son.

The Court must deny this motion for injunctive relief. The Eighth Circuit has held that "[v]erbal threats are not constitutional violations cognizable under § 1983." Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985). As a result, plaintiff has not stated a claim upon which relief may be granted under 42 U.S.C. § 1983 and the claim must be dismissed.

Plaintiff also seeks to add Douglas Weber and D. Sleyhouse, deputy warden, as defendants to this action in a motion entitled "Request Order to Add Defendant." Plaintiff additionally requests that the Court order the prosecution of these defendants, as well as those currently named, under 18 U.S.C. §§ 241 and 242. As stated previously, this Court does not have the authority to order the criminal prosecution of anyone. Decisions to prosecute under 18 U.S.C. §§ 241 and 242 are made by the United States Attorney in the district in which the offense is alleged to have occurred. As a result, this motion must be denied.

Plaintiff also seeks an order for scientific testing. Plaintiff does not describe which items he wishes to have tested, or the manner of testing he wishes to have conducted. Nonetheless, as the Court cannot order the criminal prosecution of defendants as

requested by plaintiff, the motion for scientific testing shall be denied. Accordingly, it is hereby

ORDERED that plaintiff's motion for order to enter evidence (Docket #185) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for injunctive relief (Docket #183) is dismissed.

IT IS FURTHER ORDERED that plaintiff's motion to add defendants (Docket #178) is denied.

IT IS FURTHER ORDERED that plaintiff's request for criminal prosecution (Docket #178) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for scientific testing (Docket #184) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration of the Order dated September 22, 2009 (Docket #180) is dismissed as moot.

Dated this 23rd day of October, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE