UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| RANDY RINDAHL, | ) | Civ. 08-4041-KES |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING MOTION TO AMEND COMPLAINT AND DISMISSING CASE |
| S.C.O. MCCLOUD; and SGT. LAUSON, | ) | |
| Defendants. | ) | |

Plaintiff, Randy Rindahl, moves this court for leave to file an amended complaint. Docket 271. This motion represents Rindahl's seventh attempt to amend his complaint. Rindahl commenced this action on March 25, 2008, alleging that he had been raped by prison guards. Docket 1. More specifically, Rindahl alleged that Douglas Weber, the warden at the South Dakota State Penitentiary, was responsible for having allowed prison guards to violate his constitutional rights. *Id.* On July 21, 2008, the complaint was dismissed without prejudice for failure to state a claim upon which relief could be granted. Docket 29. On September 22, 2008, Rindahl filed a motion to amend the complaint. Docket 43. The court granted that motion on November 20, 2008. Docket 58. After reviewing the amended complaint, however, the court found that Rindahl was seeking relief which the court could not grant—court-initiated prosecution of two prison guards. *Id.* Consequently, the amended complaint was dismissed without prejudice. *Id.*

Rindahl filed another motion to amend the complaint on January 20, 2009. Docket 73. Because the amended complaint proposed by Rindahl still sought relief which the court could not grant, the court denied Rindahl's motion to amend the complaint on May 7, 2009. Docket 126. On May 15, 2009, Rindahl filed yet another motion to amend the complaint (Docket 130), and the court granted the motion on June 12, 2009 (Docket 138). Rindahl's amended complaint was dismissed without prejudice, however, because he persisted in seeking relief which the court could not grant—criminal prosecution of the prison guards that he alleged raped him—and because he failed to allege sufficient facts to warrant service of process upon defendants. Docket 138.

Rindahl filed a fourth motion to amend the complaint on June 29, 2009 (Docket 141), but because he neither modified his request for relief nor added additional facts, the court dismissed his amended complaint without prejudice on August 11, 2009 (Docket 152). Rindahl filed a notice of appeal on July 31, 2009. Docket 146. On September 28, 2009, the Eighth Circuit dismissed Rindahl's appeal for lack of jurisdiction. Docket 176.

On January 4, 2010, Rindahl filed a motion for leave to move for injunctive relief. Docket 206. Shortly thereafter, Rindahl filed another motion to add defendants. Docket 208. The court denied both requests on June 24, 2010, finding that Rindahl had failed to set forth sufficient grounds for the issuance of injunctive relief, and that Rindahl could not add defendants to a closed action. Docket 232. Rindahl appealed the court's determination to the Eighth Circuit

(Docket 235), and on September 10, 2010, the Eighth Circuit summarily affirmed the judgment of the district court (Docket 246).

On November 19, 2010, Rindahl filed a sixth motion to amend the complaint. Docket 248. Although Rindahl had included plausible requests for relief, he maintained his request for the criminal prosecution of his alleged assailants. Docket 255. Furthermore, Rindahl failed to state sufficient facts to set forth claims upon which relief could be granted. *Id.* Accordingly, the court denied Rindahl's motion to amend. *Id.* Now, almost two years later, Rindahl moves the court to amend his complaint yet again, this time to add additional defendants and claims. For the reasons set forth herein, Rindahl's motions are denied.

## DISCUSSION

A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). Although Federal Rule of Civil Procedure 15(a) dictates that "[t]he court should freely give leave when justice so requires," the court may deny such requests for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, justice does not require the court to grant Rindahl another opportunity to amend or correct the complaint. In fact, in light of Rindahl's repeated failure to cure deficiencies by amendments, his undue delay in

3

proposing amendments to the complaint, the undue prejudice that additional amendments would have on the opposing parties, and the futility of the proposed amendments, justice requires just the opposite.

Rindahl filed the instant motion to amend or correct the complaint more than four years after he filed his original complaint. *See* Docket 1. After the original complaint was filed, the court gave Rindahl several opportunities to amend or correct the complaint to plead sufficient facts to state a claim, to add appropriate defendants, and to make requests for available relief. Each time, however, Rindahl failed to cure the deficiencies of his original complaint. This repeated failure supports the denial of Rindahl's motion to amend or correct the complaint. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 620 (8th Cir. 1995) ("A district court may refuse to grant leave to amend if the plaintiff had an earlier opportunity to cure a defect in her complaint but failed to do so."); *see also Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065–66 (8th Cir. 2005) (affirming district court's denial of permission to amend complaint where "[t]he district court had already twice granted leave to amend" and plaintiff repeatedly failed to cure defects).

Second, the attempted amendment is not based on newly discovered information. Rather, Rindahl cites to information that was available to him either at the time he filed his original complaint or at the time he filed previous motions to amend or correct. Because Rindahl makes no effort to explain or excuse his delay in presenting this information, the court finds that Rindahl's motion is

4

delayed. *See, e.g., Robinson v. Cuyler*, 511 F. Supp. 161, 165 (E.D. Pa. 1981) (finding that a motion filed three years after the complaint and containing information known at the time of the complaint was "delayed").

Third, because Rindahl has repeatedly failed to plead facts sufficient to state a claim upon which relief may be granted, defendants have not yet been served with notice of this action. In other words, if the court were to grant Rindahl his delayed motion to amend or correct, defendants would suddenly be required to defend an action that allegedly occurred more than four years ago. Given the amount of time that has passed since Rindahl first filed a complaint in this matter, the court finds that defendants would be substantially prejudiced if the court granted Rindahl another opportunity to amend the complaint. *See* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1488, at 781–82 (2010) ("As a general rule, the risk of substantial prejudice increases with the passage of time."). This prejudice, coupled with the delayed nature of Rindahl's motion to amend or correct, further supports the denial of Rindahl's motion. *See Buder v. Merrill, Lynch, Pierce, Feiner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981) ("Delay alone is an insufficient justification for denying a motion to amend; prejudice to the nonmoving must also be shown."); *see also Kinked v. Sw. Bell Tel. Co.*, 49 F.3d 454, 457 (8th Cir. 1995) (affirming district court's denial of permission to amend complaint where "[t]he passage of nearly two years between the filing of the complaint and the motion to amend suggests that the delay and prejudice to [defendant] outweighed [plaintiff]'s interests").

Finally, Rindahl's motion to amend or correct the complaint raises an issue of futility. During the passage of the last four years, the applicable statute of limitations[1] on Rindahl's action has expired. Thus, even if the court were to grant Rindahl's motion to amend or correct the complaint, plaintiff's amended complaint would not survive a motion to dismiss. Rindahl's proposed amendments are therefore futile. The futility of Rindahl's proposed amendments, along with his repeated failure to cure deficiencies by amendments, his undue delay in proposing amendments to the complaint, and the undue prejudice that additional amendments would have on the opposing parties, support the denial of Rindahl's motion to amend or correct the complaint. Accordingly, it is

ORDERED that Rindahl's motion to amend complaint (Docket 271) is denied.

IT IS FURTHER ORDERED that Rindahl's motion to add defendants (Docket 270) is denied as moot.

---

[1] "Section 1983 contains no statute of limitations, and no federal statute of limitations governs such actions." *Barkley v. Woodbury Cnty., Iowa*, 874 F. Supp. 2d 759, 769 (N.D. Iowa 2012) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Board of Regents, Univ. of New York v. Tomanio*, 446 U.S. 478, 484 (1980); *Carr v. Aubuchon*, 969 F.2d 714, 716 (8th Cir. 1992)). "When such a void in federal statutory law occurs, federal courts have repeatedly 'borrowed' the state laws governing an analogous cause of action." *Id.* (citing *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975)). "Thus, courts have applied the personal injury statute of limitations of the state in which the court sits to constitutional claims brought pursuant to § 1983." *Id.* (citing *Owens v. Okure*, 488 U.S. 235, 236 (1989); *Wilson*, 471 U.S. at 280; *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985)). The statute of limitations on personal injury claims in South Dakota is three years. *Robinson v. Ewalt*, 808 N.W.2d 123, 127 (S.D. 2012).

IT IS FURTHER ORDERED that Rindahl's motion for preliminary injunction (Docket 272) is denied as moot.

Dated February 4, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE